IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

SEAN ANTHONY NEWBERG,

    Plaintiff,

vs.                                No. 05-2450-Ml/P

SHERIFF MARK LUTTRELL, et al.,

    Defendants.

---

ORDER DENYING MOTIONS FOR EXTENSION OF TIME
ORDER GRANTING LEAVE TO AMEND
ORDER ASSESSING $250 FILING FEE
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER DENYING IRREGULAR MOTIONS
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Sean Anthony Newberg, RNI number 150171, who is currently an inmate at the Shelby County Detention Center ("SCDC")[1] in Memphis, filed a third pro se complaint pursuant to 42 U.S.C. § 1983 on June 20, 2005 in connection with his previous confinement at the Shelby County Criminal Justice Complex ("Jail"), where his booking number was 04118656. The Court issued an order on November 4, 2005 directing the plaintiff, within thirty (30) days, to file the documentation required by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the $250 civil filing

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

fee. On November 29, 2005, the Clerk docketed a letter from the plaintiff enclosing an in forma pauperis affidavit and inmate trust fund account statement. On November 29 and 30, 2005, plaintiff also submitted motions seeking a thirty-day extension of time to comply with the November 4, 2005 order, which the Court DENIES as moot because the plaintiff has submitted the necessary documents. The Clerk shall record the defendants as Shelby County Sheriff Mark Luttrell; Lieutenant K. Henderson; Deputy Jailer Morgan; Officer M. Johnson; Sergeant Rudd; Chief Coleman; and Officer Massey.[2]

Since the commencement of this action, the plaintiff has filed a number of additional documents. On June 27, 2005, plaintiff filed a motion seeking appointment of counsel. On July 18, 2005, plaintiff filed a motion seeking discovery and a motion seeking leave to amend his complaint.[3] On July 25, 2005, plaintiff filed a motion seeking leave to amend his complaint. On August 5, 2005, plaintiff filed a document, entitled "Annotated and Department of Justice Standards/Federal-Standards [sic] for Prisons and Jails," which seems to constitute a brief in further support of his complaint. On August

---

[2] The complaint also purports to sue "John and Jane Doe," who are apparently unnamed deputy jailers, an "unamed [sic] official," and "Director of the Jail or near equivalent." However, service of process cannot be made on a fictitious party. Moreover, the filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitation against those parties. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028 (6th Cir. 1968). Thus, to the extent plaintiff seeks to bring any complaint against any other individual or entity, he must identify the defendant and file a new lawsuit within the one-year statute of limitations applicable to § 1983 actions. Tenn. Code Ann. § 28-3-104(a).

[3] Pursuant to Fed. R. Civ. P. 15(a), plaintiff is entitled to amend his complaint once without leave of Court prior to the filing of a responsive pleading. Accordingly, the Court CONSTRUES the July 18, 2005 filing as an amendment to the complaint.

15, 2005, the Clerk filed an untitled, handwritten document submitted by the plaintiff, which appears to be another motion for leave to amend. On August 31, 2005, plaintiff filed a handwritten document, entitled "Demonstration of Administrative Remedies Exhaustion Case # 04-2450 Filed June 20th 2005. Deprivation of Exercise/Extensive and Excessive Lock Downs." For good cause shown, each and every one of the plaintiff's motions to amend are GRANTED.[4]

I.   Assessment of Filing Fee

Under the PLRA, 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[5] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the

---

[4] On October 27, 2005, the Clerk docketed a letter from the plaintiff asking for information on the status of two cases he filed, including this one, and also seeking legal advice concerning possible future lawsuits. That letter should not have been docketed in this case, as it does not constitute either a pleading or a motion. The plaintiff has also sent the Clerk numerous other letters that, inter alia, ask questions and seek legal advice about this lawsuit and other matters. The plaintiff is advised that it is not the responsibility of the Clerk to provide legal or procedural advice to litigants, and the volume of correspondence from this plaintiff has become unreasonable.

[5] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

     Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

     If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

     If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

     The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

     The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  <u>Analysis of Plaintiff's Claims</u>

     This is the third complaint this plaintiff has filed alleging that he has received insufficient exercise and has been locked down for excessive periods.[6] The complaint in this case alleges

---

[6] Plaintiff's first action, <u>Newberg v. Shelby County, et al.</u>, No. 05-2008-B/V (W.D. Tenn. filed Jan. 3, 2005), was dismissed on April 20, 2005 pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
(continued...)

that plaintiff was incarcerated at the Jail from August 23, 2004. From August 23, 2004 and September 3, 2004, "the plaintiff was denied relief from his cell for exercise and bathing for an amount of time exceeding 56 hours." Compl., ¶ 11. The complaint alleges that the plaintiff filed a grievance concerning this matter and that he appealed the response, but the complaint does not identify the defendants involved in the incident and does not allege that he named each of the responsible persons (or any of the responsible persons) in his grievance. The complaint also alleges that the plaintiff filed, or attempted to file, multiple grievances after he was confined to his cell during lockdown for more than fifty-seven (57) hours on or about September 3, 2004, id., ¶ 17, but the complaint does not describe the resolution of those grievances or identify the defendants that were involved.[7]

Next, plaintiff alleges that, between August 23, 2004 and December 7, 2004, he did not receive a regular recreation period. Id., ¶ 14. The complaint alleges that plaintiff filed grievances "on numerous occasions," id., ¶ 15, but he was dissatisfied with the responses he received, id., ¶ 16. The complaint does not state whether the complaints was deemed grievable, the nature of the responses to the grievances, and whether the plaintiff pursued

---

[6] (...continued)
Plaintiff's second action, Newberg v. Luttrell, et al., No. 05-2054-Ml/V (W.D. Tenn. filed Jan. 12, 2005), was dismissed on August 29, 2005 pursuant to 42 U.S.C. § 1997e(a).

[7] The plaintiff also asserts that he mailed the Clerk of this Court copies of certain grievances, id., ¶¶ 18-19, but he does not state which of his cases they pertained to and he has not supplied grievance numbers to permit identification of the grievances to which he is referring.

appeals. The complaint also does not identify the responsible defendants or state that they were named in the grievances.

The complaint also alleges that, from November 27, 2004 through December 1, 2004, plaintiff "was locked in his cell and confined for a period of 67 hours without the opportunity for relief." Id., ¶ 20. That cell, which was built to hold one inmate, housed two inmates. Id., ¶ 21. After plaintiff had been confined for sixty-seven hours, defendant Henderson allegedly stated that he had been unaware of the lockdown, that the problem was "bullshit," and that "everyone should just forget about it and move on." Id., ¶ 23. Approximately five minutes later, defendant Massey, who is part of the Gang Investigative Unit, stated that no one in the pod was under investigation and she had nothing to do with the lockdown. Id., ¶ 24. Defendants Johnson and Morgan had previously told the plaintiff that the lockdown was implemented on orders from Henderson and Massey. Id., ¶ 25. Johnson and Morgan later told inmates that Henderson and Massey were lying and that they had ordered the lockdown. Id., ¶ 26. Plaintiff alleges that he filed a grievance and appealed the response to that grievance, id., ¶ 27, but he does not state whether his grievance named each of the defendants who were allegedly involved.[8]

In his July 25, 2005 amendment, concerning exhaustion of administrative remedies, the plaintiff submitted grievance numbers so that the relevant grievances he submitted in his previous lawsuits can be identified. He did not, however, submit copies of any grievances that were not previously filed in connection with cases

---

[8] The plaintiff also alleges that he sent copies to the Clerk, id., ¶ 28, but he does not indicate which case they were filed in or provide grievance numbers so they can be readily identified and located.

that have been dismissed for, <u>inter alia</u>, failure to exhaust.[9] The plaintiff filed another copy of that document (except for the first page) on August 31, 2005.

In his August 5, 2005 filing, the plaintiff cites provisions of the Tennessee Code Annotated and Department of Justice Standards, neither of which is directly relevant to an action pursuant to 42 U.S.C. § 1983, which requires a violation of the United States Constitution or federal law.[10]

In his August 15, 2005 filing, which is apparently intended as an amendment, the plaintiff alleges that he was arrested while an inmate at the Jail on or about August 23, 2004 by the Detention Response Team ("D.R.T.") and accused of attempting to manufacture an alcoholic beverage.[11] He was placed in administrative segregation for one week and, at the end of that time, he was housed in an area with members of security threat groups. The amendment asserts that, during September, 2004, plaintiff went to the gym for periods of one hour only two or three times and he was allowed out of his cell only three hours per day. During his recreation periods, he was required to remain seated unless he was using the telephone. In addition, the plaintiff was housed with another inmate in a cell built for a single inmate. Plaintiff's cellmate allegedly laid on the floor of the cell

---

[9] The July 18, 2005 filing makes a minor, technical change to the language of one paragraph of the complaint.

[10] The plaintiff has not identified the so-called "D.O.J. Standards" referred to in the complaint, and the Court has been unable to determine what he is referring to. It is likely that the standards apply to federal prisons, and the United States Department of Justice has no legal authority to regulate state prisons.

[11] Coincidentally, this is the first day on which the plaintiff has complained of restrictions in his exercise and excessive lockdown.

in order to watch television under the door from early in the morning until the middle of the night, making it impossible for the plaintiff to exercise in his cell. Moreover, due to the reinforced cell doors and dirty vents, there was little air circulation in the cell. Plaintiff alleges he began to experience physical symptoms by the end of September, 2004, including back and joint pain, headaches, fatigue and "atrophy," insomnia, and nightmares. He allegedly sought medical attention and was only given Tylenol. He eventually suffered from depression and was suicidal. He was released from prison in February, 2005 pending his sentencing. While out of prison, he was diagnosed with depression and prescribed medication. The complaint further alleges that, at some unspecified period, the plaintiff was locked in his cell three times daily in apparent retaliation for the filing of grievances. The amendment does not identify the defendants responsible for any of these matters, and the amendment is silent concerning any grievances filed by the plaintiff on these issues.

        The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through

9

grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his obligation of demonstrating, through particularized averments, that he exhausted his administrative remedies with respect to each claim and each defendant. In dismissing the plaintiff's second lawsuit, this Court stated:

> Just as with his first lawsuit concerning this subject matter, plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies each claim and each defendant. Plaintiff has apparently not attempted to exhaust his claims against defendants Luttrell and Love, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504. Moreover, plaintiff did not file a grievance against defendant Rudd concerning excessive lockdowns. Instead, the only grievance against Rudd concerned her failure to sign grievances. Thus, plaintiff has not exhausted his primary claim against Rudd.

08/29/05 Order at 13-14, Newberg v. Luttrell, et al., Case No. 05-2054-Ml/P (W.D. Tenn.). This reasoning is equally applicable to this lawsuit.[12] Moreover, the claims asserted in this complaint against defendants Morgan, Johnson, Rudd, and Massey were not asserted in any previous lawsuit, and the complaint is silent about whether plaintiff filed grievances that named these defendants.[13] Finally, many of the allegations in the August 15, 2005 amendment have not been the subject of previous lawsuits, and the complaint is silent about the plaintiff's attempts to exhaust these matters.

---

[12] Grievance Counselor Love was a defendant in case no. 05-2054 but is not named in this complaint.

[13] The July 25, 2005 filing, which lists relevant grievance numbers, does not attempt to link those grievances to any particular defendant.

11

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489.[14] Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. As a result, a case must be dismissed unless a prisoner has exhausted each of his claims with respect to every defendant named in each claim. Foushee v. Wiggins, No. 3:05CV7108, 2005 WL 1364613, at *3 (N.D. Ohio June 8, 2005).[15] Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[16] In light of the dismissal of this action, the motion for appointment of counsel is DENIED.

---

[14]    As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Id.

[15]    This plaintiff has apparently been hindered in demonstrating that he exhausted his claim by the disorganized manner in which his documents are arranged and the fact that the chose to submit two separate lawsuits on the same subject matter that relied on different grievances. The plaintiff is advised that, in the event he chooses to file future lawsuits, he should collect all his documents and arrange them in some logical order prior to submitting the case for filing. In this case, however, the complaint would be subject to dismissal even if the Court examined the numerous grievances filed in case no. 05-2008 because the plaintiff in that case did not exhaust his claims against defendants Luttrell, Henderson, and Rudd. Thus, the failure to exhaust his claims against defendant Luttrell is, in itself, sufficient to warrant dismissal of this complaint.

[16]    In case no. 05-2008, the Court proceeded to dismiss certain claims under the merits and to assess a strike pursuant to 28 U.S.C. § 1915(g). Because this case was filed prior to the issuance of the dismissal order in case no. 05-2008, it is not appropriate to assess a second strike concerning the same claims. Nothing in this order is intended to confer on the plaintiff a right to bring suit on any claim that was dismissed on the merits in case no. 05-2008.

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[17] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the

---

[17] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

    IT IS SO ORDERED this 18th day of January, 2006.

                                        /s/ Jon P. McCalla
                                        JON PHIPPS McCALLA
                                        UNITED STATES DISTRICT JUDGE